OPINION OF THE COURT
Vincent Pizzuto, J.
In this contested accounting proceeding, the administrator c. t. a. of the estate of Sally Lippner makes this motion to confirm the report of the Referee, the Honorable Carmine Ventiera, of July 1, 1986, as amended on October 10, 1986. The preliminary executors, Doreen Kay and Gene Crescenzi, have cross-moved to disaffirm the Referee’s report. For the reasons set forth below, the court finds that the Referee’s report should be confirmed.
Sally Lippner died on January 11, 1980, leaving a will which named Doreen Kay, a gym teacher, and Gene Crescenzi, an attorney, as coexecutors. The decedent’s daughter filed objections to probate. Kay and Crescenzi were appointed preliminary coexecutors of the estate.
During the course of the probate proceeding, in November 1981, the court was advised that Crescenzi had received payments of more than $320,000, as attorney’s fees, which amounted to more than one third of the estate. The court promptly ordered that the preliminary letters issued to Kay and Crescenzi be revoked, and directed that the funds received by Crescenzi be returned to the estate. The court also ordered Kay and Crescenzi to account. However, it was not until two years later, in February 1985, that their accounting (indicating that Crescenzi had received $355,000 in fees) was filed, with a petition for its judicial settlement. The matter was referred to a Referee to hear and report.
It is undisputed that Crescenzi billed, and was paid, $355,000 for legal services rendered to the estate. The fees were allegedly incurred in connection with various litigations that were instituted and continued by Crescenzi. Of the $355,000 billed by Crescenzi to the estate, the Referee found that Crescenzi should be allowed a total of $24,800 as reasonable compensation for legal services rendered. The record fully supports such finding. The Referee recommended that Crescenzi should be surcharged for $330,700, with interest. The court notes however a minor arithmetical or typographical error, in that the recommended surcharge should have been $330,200.
The Referee found that Crescenzi was paid the $355,000 in *36 27 separate payments by Kay, in advance of settlement of their account. Kay alone signed the estate checks for the fees —even though the estate checking account read: "Estate of Sally Lippner, Doreen Kay, Executrix, Gene Crescenzi, Administratrix”. The Referee found that Kay acted imprudently in making payments totaling such a large sum to Crescenzi: "Doreen Kay should have considered, and given serious thought to, the risk she was taking in paying the legal fee prior to rendering her accounting to the court; that a surcharge might follow if the legal fee payments were improper or excessive * * * Mr. Crescenzi is morally responsible to pay the surcharge by reason of the fact that he received and pocketed the sum of $355,000. Doreen Kay, from her everyday experience, should have known that the legal fees billed by Mr. Crescenzi were far beyond a reasonable sum.” He therefore recommended that if Crescenzi failed to repay the estate for the amount surcharged, the estate should have the right to proceed against Kay.
The report further recommends that Crescenzi should be denied a commission because he acted in bad faith in accepting a legal fee which amounted to over one third of the estate. As for Kay, the Referee states: "Alleged good faith on her part is not enough. She should have known, long prior to her forwarding the twenty-seventh payment, that the $355,000 legal fee billed by Mr. Crescenzi was excessive.” The Referee recommended that if the amount surcharged is repaid, Kay should be entitled to her coexecutor’s commission.
Kay’s motion asks the court to disaffirm the report as it pertains to her actions as preliminary coexecutrix. She contends that: (1) the conditional surcharge imposed against her is improper; (2) the report is flawed in that it allows Kay a commission, but finds she acted imprudently and should be conditionally surcharged; and (3) she was improperly denied reimbursement for certain miscellaneous expenses.
As to the propriety of the conditional surcharge, the court finds that well-settled authorities in this State support the Referee’s recommendation that Kay be surcharged.
The general rule concerning liability of a fiduciary for the acts of a cofiduciary is set forth in Croft v Williams: "The executor is responsible for his own acts, and not for those of his associate; so that if he receives and misapplies the money, or does any act by which it gets to the hands of the other who diverts or wastes it, and but for which act the latter would not *37 have had it, a liability to make good the loss results. ” (88 NY 384, 389 [1882]; emphasis added; accord, Bruen v Gillet, 115 NY 10 [1889]; Matter of Slensby, 169 Misc 292 [Sur Ct, Kings County 1938].) The principle upon which liability rests is that once the assets of the estate come under the joint control or joint possession of the fiduciaries, " 'it is the duty of each [fiduciary] to see to it that the fund does not go out from under his control or possession, excepting as it is applied to fulfillment of the trust.’ ” (Matter of Slensby, 169 Misc, at 298, quoting Bruen v Gillet, 115 NY 10, 15 [1889], supra.)
Here, it is undisputed that Kay was the only person who signed the estate checks which transferred over $300,000 to her coexecutor. Kay’s actions in making the 27 payments permitted Crescenzi to obtain possession of the funds and, under the well-settled principle set forth above, she must be held responsible for her actions. As the court declared in Bruen v Gillet: "The act of Gillet in signing the checks by which these moneys, then under their joint control, were drawn from the banks and transferred to the individual and separate control of Hall was an act but for the doing of which the moneys would not have been received by Hall, and Gillet must be held responsible for any amount which was lost in consequence of such act.” (115 NY, at 17.)
An additional ground for surcharging Kay is that she acted negligently with respect to the estate assets. Kay, in deferring to Crescenzi’s 27 separate requests for payment, clearly acted negligently in paying over more than one third of the estate to him. Where an executor exhibits such a degree of negligency and indifference by deferring to a coexecutor who misappropriates or mismanages the estate funds, he must be held liable. In Croft v Williams, the court explained: "If the executor is merely passive and simply does not obstruct the collection or receipt of assets by his associate, he is not liable for the latter’s waste, but where he knows and assents to such misapplication, or negligently suffers his coexecutor to receive and waste the estate when he has the means of preventing it by proper care, he becomes liable for a resulting loss. ” (88 NY, at 388; emphasis added; accord, Wilmerding v McKesson, 103 NY 329 [1886]; Matter of Niles, 113 NY 547 [1889]; Matter of Peck, 31 App Div 407 [4th Dept 1898]; Matter of Westerfield, 32 App Div 324 [2d Dept 1898]; Matter of Slensby, 169 Misc 292 [Sur Ct, Kings County 1938], supra.)
The court is not unmindful of SCPA 2111 (2) which authorizes an attorney-fiduciary to take advances on account of *38 compensation for legal services rendered to the estate, without application to the court, if there be at least one cofiduciary who is not rendering legal services to the estate and all cofiduciaries have consented to such payment on account.
However, in the court’s view, that section has no application to a preliminary executor. SCPA 1412 prescribes the power and limitations of that office. The reason the court has alluded to SCPA 2111 (2) is because the preliminary executrix, Doreen Kay, has argued that she relied in good" faith on the advice of the attorney-copreliminary executor, Mr. Crescenzi (who obviously was financially self-interested), and SCPA 2111 (2) that she had authority to consent to or make payment for the legal fees. Assuming that the section were applicable, such authority, if exercised, could not relieve her of her fiduciary responsibility, in the event she exercised it imprudently or negligently to the detriment of the estate.
SCPA 2111 (2) gives the authority to the coexecutor to consent, but was not intended to hold harmless the fiduciary who imprudently or negligently exercises that authority. Perhaps the statute should be amended to alert the cofiduciary (who is not rendering legal services and therefore is oftentime a lay person) that in consenting to his cofiduciary’s taking advances without application to the court, he does so at his peril and subject to being surcharged. As presently written, it may be a trap for the unwary, as it may have been in this case.
Kay’s argument that the conditional surcharge is inappropriate in light of the Referee’s recommendation that she is entitled to a commission if the surcharge is paid, must also fail. The argument does not recognize that although the Surrogate may deny commissions when a representative is guilty of some misconduct, he is not obligated to do so. (Matter of Dougherty, 43 Misc 468 [Sur Ct, NY County 1904]; see generally, 4B Warren’s Heaton, Surrogates’ Courts § 421 ¶ [2] [b] [6th ed 1985].) In Matter of Dougherty (supra) the court found that one executor was negligent and was liable for the reduction of funds caused by his coexecutor. The court, however, felt it proper to deal leniently with the executor and commissions were allowed. The court acknowledges that, in the exercise of its discretion, it could deny commissions to Kay; however, the court believes it appropriate to defer to the recommendation of the Referee and to allow commissions to Kay, if the surcharge is paid.
*39 The final issue raised by Kay is whether the Referee’s recommendation that she be denied reimbursement for certain miscellaneous expenses is proper. The court finds the Referee’s recommendation concerning the expenses to be proper in all respects and fully supported by the evidence.
In light of the above, Kay’s motion to disaffirm the report must be denied.
Gene Crescenzi’s motion to disaffirm the report must likewise be denied. It is undisputed that Crescenzi received $355,000 in legal fees, which was far in excess of the amount that he is entitled to receive. Moreover, Crescenzi has blatantly ignored numerous orders of this court directing him to return the funds, and has made no attempt to repay the estate for the grossly excessive and unjustifiable fees he collected. The court finds that the surcharge recommended by the Referee against Crescenzi is amply supported by the evidence and is proper. Moreover, in light of his conduct and utter disregard for his duties as executor, the court concurs in the Referee’s recommendation that Crescenzi be denied a commission.
Accordingly, the administrator c. t. a/s motion to confirm the Referee’s report of July 1, 1986, as amended on October 10, 1986, is granted, Kay’s cross motion to disaffirm the report is denied, and Crescenzi’s cross motion to disaffirm is likewise denied.